**UNITED STATES of America**

v.

**Ramona E. MANGINEN.**

**Crim. A. No. 83–00042–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

July 1, 1983.

Patricia A. Kerwin, Asst. U.S. Atty., for the U.S.

Stanley K. Joynes, III, Richmond, Va., for Manginen.

## MEMORANDUM

MERHIGE, District Judge.

The indictment in this action charges the defendant with five counts of mail fraud, 18 U.S.C. § 1341. Defendant has filed a motion pursuant to Fed.R.Crim.P. 7(d) to strike certain language from the indictment. In the alternative, defendant moves the Court pursuant to Fed.R.Crim.P. 7(f) for a bill of particulars with regard to the allegations contained in the same language in the indictment.

The indictment specifies five individuals from whom the defendant is alleged to have received mail in accordance with her alleged scheme. The indictment also states that the alleged scheme had the purpose of obtaining money and property "from persons too numerous to mention herein, each and

all of whom constituted a class of persons." This is the language defendant seeks to strike or in regard to which defendant seeks a bill of particulars.

 "The Court on motion of the defendant may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d). "Surplusage" is any fact or circumstance set forth in the indictment which is not a necessary ingredient of the offense. *E.g., Johnson v. Biddle,* 12 F.2d 366, 369 (8th Cir.1926).

 The Government argues that an indictment is not insufficient by reason of not naming the victims of a crime, and the Court must agree. *See, e.g., Butler v. United States,* 317 F.2d 249, 256 (8th Cir.1963). This argument, however, misses the point of defendant's motion. Her concern is not with what is sufficient, but with what is necessary; she does not seek to dismiss the indictment, but to strike the surplusage from it.

 The Court agrees with the defendant that the phrase "persons too numerous to mention" is prejudicial and unnecessary to the indictment. The Court also agrees with the defendant that the phrase "each and all of whom constituted a class of persons" is utterly incomprehensible. That which is unintelligible is properly regarded as surplusage. *See, e.g., Silkworth v. United States,* 10 F.2d 711, 714–15 (2d Cir.), *cert. denied,* 271 U.S. 664, 46 S.Ct. 475, 70 L.Ed. 1139 (1926). The Court does not agree, however, that all of the words to which defendant objects are surplusage.

 The Court is satisfied that making the following change to the indictment will remove the offending matter while preserving the Government's theory of the case.[1] The indictment will be altered as follows,

deleting the words in brackets from the quoted portion: the indictment will allege that the defendant devised a scheme to obtain money and property "from [persons too numerous to mention, each and all of whom constituted] a class, that is readers of certain magazines, journals, newspapers and other publications . . . ." [2]

An appropriate order will issue.

---

1. The Court admits to a sense of regret in depriving itself of the opportunity of observing the manner in which the Government would have attempted to prove that the persons allegedly defrauded were "too numerous to mention," and that "each" such person constituted "a class of persons." The effort would, one would surmise, have had to entail a full-court press—at the least.

2. It is not clear to the Court whether the quoted phrase is intended to mean "a class, that is (to say); readers . . ." or "a class that is (made up of) readers . . . ." It may be necessary to add or delete a comma or otherwise change the phrase to produce the intended meaning.